UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN RE:  Abdul Taalib-Din                                              Case No. 16-42855
                                                                                       Chapter    13
                            Debtor(s).                                       Hon. Phillip J. Shefferly
_____/
United States of America,

                           Appellant,                                        Adv. No. Click here to enter text.

          v.
Abdul Taalib-Din

                           Appellee.
_____/

## NOTICE OF TRANSMITTAL OF NOTICE OF APPEAL

I hereby certify that the attached documents are transmitted to the United States District Court for the Eastern District of Michigan, which constitutes the Notice of Appeal/Motion to Withdraw the Reference.

☒    Notice of Appeal

☒    Bankruptcy Matter Civil Cover Sheet

☒    Order on Appeal

☐    Notice of Deficiency

☐    Motion for Leave to Appeal

☐    Motion to Withdraw the Reference

☐    Other: Click here to enter text.

**NOTE:**

☐  There is a previous civil matter in this bankruptcy.  That matter was given civil case number Click here to enter text. and assigned to District Judge Click here to enter text.

☒  This is a new matter and not previously assigned to a District Court Judge.

☐  The Appellant has not paid the filing fee.
.

Dated:  May 19, 2016                                              Clerk, United States Bankruptcy Court


                                                                                  By:   /s/LaShonda Moss_____
                                                                                           Deputy Clerk

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: ABDUL TAALIB-DIN                                Case No. 16-42855
                                                       Chapter 13
              Debtor.                            Hon. Phillip J. Shefferly
_____/

## Notice of Appeal and Election to Appeal to District Court

The United States of America appeals from the ORDER DENYING UNITED STATES' MOTION TO DECLARE THAT THE AUTOMATIC STAY DOES NOT BAR OFFSET AND TO RETROACTIVELY MODIFY THE AUTOMATIC STAY [Doc. 45] entered on May 5, 2016 (copy attached). A civil cover sheet is also attached in accordance with Local Rule 8001-1. Pursuant to Official Bankruptcy Form B 417A, the following information is provided:

**Part 1: Identify the appellant(s)**

1. Name of appellant: United States of America

2. Position of appellant in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| ☐ Plaintiff | ☐ Debtor |
| ☐ Defendant | ☑ Creditor |
| ☐ Other (describe) _____ | ☐ Trustee |
| | ☐ Other (describe) _____ |

**Part 2: Identify the subject of this appeal**

   1. Describe the judgment, order, or decree appealed from: Order denying retroactive annulment of the automatic stay to validate a setoff made before the stay expired, and assuming the setoff violated the stay (without expressly addressing the United States' contention that the stay did not apply to the kind of setoff at issue).

   2. State the date on which the judgment, order, or decree was entered: May 5, 2016.

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys:

   1. Party: (Debtor) Abdul Taalib-Din     Attorney: Eleanor Cattron Smith
                                                                   615 Griswold, Suite 1622
                                                                   Detroit, MI 48226
                                                                   Tel: 313-961-7258

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts):**

   ☑  Appellant elects to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel

**Part 5: Sign below**

Date: <u>May 19,</u> 2016                       CAROLINE D. CIRAOLO
                                                     Principal Deputy Assistant Attorney General
                                                     Tax Division, U.S. Department of Justice

                                                    <u>*/s/ Peter Sklarew*</u>
                                                    PETER SKLAREW
                                                    Civil Trial Section, Northern Region
                                                    U.S. Department of Justice
                                                    Post Office Box 55
                                                    Washington, D.C. 20044
                                                    (202) 307-6571/Fax: (202) 514-5238
                                                    peter.a.sklarew@usdoj.gov

*Local Counsel*:

BARBARA L. McQUADE
United States Attorney

KEVIN ERSKINE (P69120)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9610
kevin.erskine@usdoj.gov

| United States District Court | Bankruptcy Matter | District Court Label |
| Eastern District of Michigan | Civil Case Cover Sheet | |

In re:

ABDUL TAALIB-DIN                                    Case No.: 16-42855

        **Debtor.**
_____/

UNITED STATES OF AMERCIA,                    Adv. No.: (n/a)

       **Appellant,**

   v.

ABDUL TAALIB-DIN

       **Appellee.**

---

**CAUSE OF ACTION/NATURE OF SUIT:**   (This matter is referred to the district court for the following reasons)

| | | |
|---|---|---|
| _X_ | [422] 28 U.S.C. 158 | Bankruptcy Appeal |
| ___ | [422] 28 U.S.C. 158 | Motion for Leave to Appeal |
| ___ | [423] 28 U.S.C. 157(d) | Motion for Withdrawal of Reference |
| ___ | [423] 28 U.S.C. 157(c) (1) | Proposed Findings of Fact and Conclusions of Law |
| ___ | [423] 28 U.S.C. 158 (c) (a) | Order of Contempt |

Date:  May 19, 2016                                    Name:   Peter Sklarew_____

Name and Address of Interested Parties

| | | |
|---|---|---|
| United States of America | Attorney: | Peter Sklarew<br>Civil Trial Section, Northern Region<br>Tax Division, U.S. Dept. of Justice<br>Post Office Box 55<br>Washington, D.C. 20044<br>(202) 307-6571<br>peter.a.sklarew@usdoj.gov<br><br>*Local Counsel:*<br><br>Kevin Erskine (P69120)<br>Assistant U.S. Attorney<br>211 W. Fort Street, Ste. 2001<br>Detroit, MI 48226<br>(313) 226-9610<br>kevin.erskine@usdoj.gov |
| Abdul Taalib-Din | Attorney: | Eleanor Cattron Smith<br>615 Griswold, Suite 1622<br>Detroit, MI 48226<br>(313) 961-7258 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Abdul Taalib-Din,　　　　　　　　　　　　Case No. 16-42855-PJS
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　　　　　Debtor.　　　　　　　　　　Hon. Phillip J. Shefferly
_____/

**ORDER DENYING UNITED STATES' MOTION TO
DECLARE THAT THE AUTOMATIC STAY DOES NOT BAR OFFSET
AND TO RETROACTIVELY MODIFY THE AUTOMATIC STAY**

　　　　On February 29, 2016, the Debtor filed this Chapter 13 case. On March 30, 2016, the United States of America, on behalf of the Internal Revenue Service ("IRS"), filed a motion ("IRS Motion") (ECF no. 14) to declare that the automatic stay does not bar offset and to retroactively modify the automatic stay. On April 14, 2016, the IRS filed a "Supplement to Motion" ("Supplement") (ECF No. 27), asking for additional relief. On April 21, 2016, the Debtor filed a response. The Court scheduled the IRS Motion for hearing on April 26, 2016 so that it would be heard at the same time as a motion filed by the Debtor ("Debtor Motion) (ECF no. 19) to enforce a release of IRS levy, reimpose the automatic stay, and for other relief.

　　　　At the hearing, the Court made one legal ruling that significantly impacts both the IRS Motion and the Debtor Motion. Specifically, the Court held that the automatic stay under § 362(a) of the Bankruptcy Code expired in this case with respect to the Debtor and property of the estate on March 29, 2016 pursuant to § 362(c)(3)(A) of the Bankruptcy Code. This ruling obviated most of the relief requested in the IRS Motion. After making this ruling at the hearing, the Court adjourned the hearing on both the IRS Motion and the Debtor Motion until May 10, 2016.

　　　　The Court memorialized its ruling in an order ("Order") (ECF No. 40) entered on April 26,

2016. The Order explained that at the adjourned hearing, the Court will rule on any remaining issues regarding the IRS Motion and the Debtor Motion. Having now had the opportunity to fully consider the balance of the relief requested in the IRS Motion, the Court concludes that it must be denied. Therefore, the Court has decided to enter this order disposing of the IRS Motion and cancelling the hearing on it.

Because the Court has held that the automatic stay expired in this case on March 29, 2016, the IRS has already obtained much of the relief that it requested in the IRS Motion. The automatic stay does not now, and has not since March 29, 2016, prohibited the IRS from taking action to collect its pre-petition debt from either the Debtor or from property of the estate. But that still leaves the request in the IRS Motion that the automatic stay be annulled retroactively to permit the IRS to retain one social security payment in the amount of $1,330.70, which was transferred to the IRS post-petition by the Social Security Administration. This transfer took place prior to March 29, 2016, while the stay was still in effect, and indisputably constitutes an act in violation of the stay, absent an order granting retroactive relief from the stay under § 362(d)(1) and (2) to allow the IRS to setoff this one payment.

In the Sixth Circuit, the general rule is that actions taken in violation of the stay are voidable and should be voided except under certain "equitable circumstances," such as "where the debtor unreasonably withholds notice of the stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, or where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result." In <u>Easley v. Pettibone Michigan Corp.</u>, 990 F.2d 905, 911 (6th Cir. 1993). The IRS Motion fails to identify any equitable circumstances that would trigger an exception to the general rule that actions taken in violation of the stay should be voided. Therefore, the IRS

Motion's request for retroactive annulment of the stay must be denied.

One remaining issue was raised in the Supplement, in which the IRS asked for additional relief regarding pension payments from the Michigan Offices of Retirement Services ("MORS"). The IRS explained in the Supplement that it recently discovered that the Debtor had changed his electronic funds transfer agreement with MORS, resulting in MORS holding 10 months of pre-petition pension payments. The IRS argued in the Supplement that it is entitled to an order directing release of these payments to the IRS. In the Debtor Motion, the Debtor asserted his right to receive these payments from the "custodian," presumably MORS.

The Court has determined to deny this relief as well. First, this is not relief sought in the IRS Motion. Seeking additional relief through a "supplement" to a motion is procedurally improper and does not afford an opposing party sufficient notice and opportunity to be heard. The fact that the Debtor sought contrary relief in the Debtor Motion, which the Court denied, is not enough to properly join the Supplement's request for relief regarding MORS. Second, as the IRS acknowledged at the hearing, the party that is holding these pension payments, against whom the IRS is seeking relief, is not even a party before the Court.

Accordingly,

IT IS HEREBY ORDERED that the IRS Motion is denied to the extent that it seeks any relief from the automatic stay after March 29, 2016, because the request for such relief is now moot.

IT IS FURTHER ORDERED that the IRS Motion is denied to the extent that it seeks a retroactive annulment of the stay to allow the IRS to retain the one $1,330.70 social security benefit payment it received during the time that the stay was in effect in this case.

IT IS FURTHER ORDERED that the relief requested against MORS in the Supplement is denied.

-3-

IT IS FURTHER ORDERED that the hearing on the IRS Motion set for May 10, 2016 at 11:30 a.m. is cancelled.

.

**Signed on May 05, 2016**

                                                  **/s/ Phillip J. Shefferly**
                                                  **Phillip J. Shefferly**
                                                  **United States Bankruptcy Judge**